UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

    v.

ILLUMINATION STATION, INC.,

    Defendant.

No. 10 C 3061
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Bank of America ("BOA") seeks roughly $1.6 million in receivables it bought at auction. The debt was allegedly originally owed to Berman Industries, Inc., an Illinois corporation, by Illumination Station, Inc., ("ISI"), an Arkansas company. ISI moves to dismiss on the grounds that this court lacks personal jurisdiction over them. *See* Fed. R. Civ. P 12(b)(2). In the alternative, ISI moves to stay this action or transfer it to the U.S. District Court for the Western District of Arkansas, where ISI seeks declaratory relief against BOA and is also suing Berman on contract and unjust enrichment theories. *See* 28 U.S.C. § 1404; *see also Illumination Station, Inc. v. Bank of America, N.A.*, No. 10 C 3047 (W.D. Ark. May 18, 2010).

**I. BACKGROUND**

ISI is a small, 10-employee company located in Harrison, Arkansas whose business is the design and sale of lighting fixtures and portable lighting. Berman is an Illinois corporation whose principal place of business is in Chicago, although most of its manufacturing capability is now in China. Berman designs, builds, and supplies the types of lighting products that ISI sells to its customers. For this reason, ISI initiated and, over an eighteen-year period, maintained a commercial relationship with Berman.

Sometime in 2007, officers at Berman became concerned that ISI's account was unacceptably past due. In order to continue to supply ISI on credit, Berman wanted collateral from ISI. The parties entered into a round of negotiations culminating, according to BOA, in a Security Agreement that created for Berman a security interest in assets of ISI. ISI disputes that the agreement was finalized, but concedes that it entered into the negotiations and that some sort of arrangement was made. Either way, Berman filed UCC-1 Financing Statement with the Secretary of State of Arkansas expressing its interest in ISI's assets.

Berman simultaneously had its own outstanding debts, in the form of a series of loans made by the LaSalle Bank, N.A. (LaSalle later merged into BOA). Berman defaulted on those loans and, in April of 2009, entered into a Liquidation Trust Agreement. The Trustee held a public auction of Berman's personal property on October 30, 2009, at which BOA bought ISI's alleged debts to Berman.

ISI disputes the underlying debts and has therefore resisted BOA's attempts to collect, culminating in two lawsuits filed on the same day, May 18, 2010. The first lawsuit to electronically post as filed was this case, at 2:25 p.m. CDT. The second, in which ISI is suing BOA for declaratory relief from the debt and also Berman on contract and tort theories, was filed at 3:36 p.m. in the United States District Court for the Western District of Arkansas.

## II. PERSONAL JURISDICTION

*The Personal Jurisdiction Standard*

Federal district courts exercising their diversity subject matter jurisdiction may only assert personal jurisdiction if a court of the state in which the court sits would have jurisdiction. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). The

exercise of jurisdiction in Illinois must comply with the Illinois Long-Arm Statute, the Illinois Constitution and federal Due Process. *See Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760-61 (7th Cir. 2008). Because the relevant state statute extends to the outer limits of the state and federal Constitutions, courts often proceed directly to the federal Due Process analysis. *See id.*

Personal jurisdiction is waivable by consent of the parties. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985). Put another way, the strictures of Due Process are satisfied when a party agrees to be brought into a specific forum. *See id.*

The plaintiff bears the burden of demonstrating personal jurisdiction. The complaint itself need not assert facts to meet this burden. *See Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). Rather, the burden arises once the issue is raised via Rule 12(b)(2) motion.[1] If an evidentiary hearing is held, the plaintiff's burden is the "preponderance of the evidence" standard. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If the motion is decided on the parties' submissions, the plaintiff must make a prima facie showing of personal jurisdiction. *See id.* Any factual conflicts in these submissions are resolved in favor of the plaintiff. *See id.* ("[U]nder the prima facie standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." (parenthetical in original)).

---

[1] I mention this because the Defendant in its 12(b)(2) motion that Plaintiff's complaint required facts supporting personal jurisdiction (which it did not have) and that therefore"[b]ased solely on BOA's complaint, this Court can dismiss the pending action." As the case cited demonstrates, I actually cannot dismiss solely because facts regarding personal jurisdiction were omitted from the complaint.

3

The parties have filed ample briefings on the matter, with each brief containing multiple exhibits. I am therefore prepared to evaluate personal jurisdiction on the paper submissions and without an evidentiary hearing. Having considered these briefings, I find that the Plaintiff has met its burden of making a prima facie showing of personal jurisdiction.

A series of supporting documents submitted by the Plaintiff here are decisive. The first is an affidavit by Berman's former President, Ronald Armstrong. He has sworn that in or about 2007, ISI's accounts receivable had become "unacceptably past due" and that therefore Berman would need a security interest in order to continue selling products to ISI on a credit basis. Several rounds of negotiations ensued between Berman and Berman's representatives - all in Chicago - and ISI and several of its officers in Arkansas. The end result of those negotiations, says Berman, was a Security Agreement dated May 24, 2007.

Among other things, the Security Agreement contains a "Choice of Forum" clause which states that:

> Any legal action or proceeding with respect to this Agreement shall be brought in the courts of the United States for the Northern District of Illinois, and by execution and delivery of this Agreement the debtor consents, for itself and in respect to its property, to the non-exclusive jurisdiction of those courts (and all appellate courts therefrom) in any such action or proceedings.

At the end of the Security Agreement is a signature page bearing what appears to be the signature of Steve Pederson, a founder, owner, and officer of ISI. In addition, there is a handwritten comment - apparently initialized by Mr. Pederson - that says "[a]t a time when our account is within 70-day terms, this contract is terminated." This signature page has inconsistent pagination and file stamping from the previous twelve pages of the Agreement.

After finalizing the Agreement, says the Plaintiff, Berman properly filed a UCC-1 Financing Statement with the Arkansas Secretary of State on June 29, 2007 and an amendment to that statement on July 3, 2007. Together, the filings appear to establish a security interest in a wide variety of ISI's assets, e.g. accounts, inventory, money, securities, and deposit accounts, totaling an amount equal to ISI's amounts due to Berman as of the date of the Agreement.

Finally, the Plaintiff has submitted evidence of Berman's transition into a liquidation trust and Plaintiff's ultimate purchase of ISI's debt to Berman.

The combination of the affidavit of Berman's President from the relevant time period, the Security Agreement (including, critically, the forum selection clause), the Financing Statement, and Plaintiff's purchase of ISI's debt easily satisfies the prima facie showing that is required for Plaintiff to establish personal jurisdiction based on consent. It should be noted that ISI and its owner/officer Steve Pederson dispute several aspects of Plaintiff's showing, including that a Security Agreement was ever finalized, that it actually owes the underlying debts, and that it never brought its account within 70-day terms. But the law is clear that the Plaintiff is only required to make a prima facie showing and that in the course of making that showing any disputed factual issues are resolved in favor of the Plaintiff. With that principle in mind, there is ample evidence that ISI is subject to personal jurisdiction, based on consent, in the forum state of Illinois.

## III. TRANSFER OR STAY

There is not enough information before me to decide whether to exercise my discretion to transfer or stay this case. Specifically, I want to know the precise status of Berman

5

Industries, Inc. Plaintiff says that Berman is "out of business" following its liquidation. But Defendant has pointed out that Berman is still listed as an active corporation on the Illinois Secretary of State's website. In fact, Ron Armstrong is listed as the President of that corporation (this contrasts sharply with Plaintiff's contention that Mr. Armstrong is a "former" President of Berman who resides in Illinois and constitutes a significant third-party witness outside of Arkansas' subpoena power). Because Berman is not a party here, but is (nominally, at least) a party in the Arkansas Action, its existence or non-existence could be a significant factor in the transfer analysis. The parties are directed to present briefings and exhibits on the narrow issue of Berman's corporate status.

## IV. CONCLUSION

Defendant's motion to dismiss for lack of personal jurisdiction is denied. Defendant's motion to stay or transfer is continued while the parties present argument and exhibits on the issue of Berman Industries, Inc.'s corporate status.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: December 30, 2010